1  CHARLES TONY PICCUTA (SBN 028444)
2  CHRISTOPHER R. BLEVINS (SBN 025371)
   HOUSER & ALLISON
3  A Professional Corporation
   9970 Research Drive
4  Irvine, California  92618
5  Phone: (949) 679-1111
   Fax: (949) 679-1112
6  ctpiccuta@houser-law.com
7
8  Attorneys for Defendants,
   HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home
9  Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE Securities
10 Corp. Home Equity Loan Trust, Series 2006-HE1, Asset Backed Pass-Through
   Certificates erroneously sued as HSBC Bank, USA, N.A. and Ocwen Loan
11 Servicing, LLC

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| Susan M. Snyder, a married woman, as her sole and separate property, | Case No.: 2:12-CV-00016-LOA |
| | Hon. Lawrence O. Anderson |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| HSBC Bank, USA, N.A. a foreign corporation; Les Zieve, a licensed Arizona escrow agent; Ocwen Loan Servicing, LLC, a foreign limited liability company; Black Companies I-X, | |
| | **[F.R.C.P. 12(b)(6)]** |
| Defendants. | (Oral Argument Requested) |

**TO THE COURT, CLERK, PARTIES AND COUNSEL OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendants, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1, Asset Backed Pass-Through Certificates erroneously sued as HSBC Bank, USA, N.A. ("HSBC BANK, As Trustee") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants"), will and hereby do move this Court to dismiss Plaintiff, Susan M. Snyder's ("Plaintiff"), Complaint. This motion is made and based upon Federal Rule of Civil Procedure 12(b)(6) and is based on the ground that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

This motion is based upon the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of any hearing if oral argument is ordered.

DATED: January 18, 2012          HOUSER & ALLISON
A Professional Corporation

                                        /s/ Charles Tony Piccuta
Charles Tony Piccuta
Attorneys for Defendants
HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1, Asset Backed Pass-Through Certificates and Ocwen Loan Servicing, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Susan Snyder's ("Snyder" or "Plaintiff"), sole accusation *appears* to be that Defendants failed to follow through with a loan modification despite her efforts to do what *she believes* was required for a loan modification. However, Plaintiff's Complaint fails to plead the facts necessary to put Defendants on notice of the precise wrongdoing Plaintiff believes the Defendants are guilty of. Specifically, Plaintiff fails to affirmatively plead that a valid, binding, loan modification agreement was entered into and executed by Defendants. Instead, Plaintiff alludes to a modification agreement and a trial period in order to secure the loan modification. Plaintiff also refers to documents *regarding* a loan modification and "material misrepresentations about granting Plaintiff a loan modification."

However, nowhere in Plaintiff's Complaint does she set forth the terms of the loan modification agreement or set forth that Defendants executed a loan modification agreement. Instead, Plaintiff seems to allege that she entered into a trial period plan for a loan modification agreement or otherwise performed acts upon the belief that a modification would be offered. As such, Plaintiff has failed to set forth facts sufficient to constitute any causes of action against Defendants. Defendants' Motion to Dismiss should be granted because Plaintiff's Complaint lacks the facts necessary to determine if a loan modification agreement was executed and entered into by Defendants and the terms Plaintiff alleges were breached. As such, Plaintiff has failed to plead facts to support the essential elements of the claims asserted in Plaintiff's Complaint.

## II. STATEMENT OF FACTS

In or about June 2005, Plaintiff executed a note secured by a deed of trust recorded against the property located at 11660 West Fishhook Court, Surprise, Arizona 85374. (*See* Cplt. at ¶ 7). Due to financial issues Plaintiff negotiated and

was **approved** for a loan modification. (*Id.* at ¶ 8). Plaintiff executed all the documents provided by Ocwen "to obtain" the loan modification and "regarding a loan modification." (*See Id.* at ¶¶ 9-10).

Plaintiff alleges that Ocwen made material misrepresentations "about granting Plaintiff a loan modification," and that Ocwen "misrepresent[ed] the status of the loan modification" suggesting Plaintiff admittedly never received the modification. (*See Id.* ¶ 27 and ¶ 32). "After complying with the requirements of Ocwen/HSBC in order to get a loan modification, Plaintiff was informed she had to complete a trial period." (*Id.* at ¶ 44). "After complying with the requirements or Ocwen/HSBC in order to get a loan modification, Plaintiff was informed her home was being sold." (*Id.* at ¶ 55). After making payments toward the loan modification, the tenth payment was returned. (*Id.* at ¶ 7). "Ocwen/HSBC…waited approximately ten months after *promising* the loan modification" to reject the aforementioned payment. (*Id.* at ¶ 46).

### III. LAW AND ARGUMENT

#### A. Plaintiff's Complaint Fails to Allege Facts Establishing That A Binding Loan Modification Agreement Was Executed And Breached

Nowhere in Plaintiff's Complaint does Plaintiff specifically allege that Ocwen executed a loan modification agreement and that a binding agreement was formed. (*See generally* Complaint). Instead Plaintiff refers to a written contract signed by the parties. (*See* Cplt. at ¶ 10). However, Plaintiff does not allege what this contract is, whether it is a loan modification agreement, or a trial period plan toward a modification agreement. (*See* generally Cplt.). Of course, Plaintiff fails to attach the alleged contract to her Complaint or set forth a single provision of the alleged modification agreement with any specificity.

In addition, Plaintiff repeatedly sets forth facts indicating that no loan modification was formed. Instead, Plaintiff sets forth that Defendants promised a

Notice of Motion and Motion to Dismiss

4

modification and that Defendants made misrepresentations about giving Plaintiff a loan modification. Absent an allegation that a loan modification was executed by Defendants, and what provision of the modification agreement was allegedly breached, all of Plaintiff's claims fail and Defendants' motion to dismiss should be granted.

### B. Plaintiff's Claim for Declaratory Relief Fails

Plaintiff's claim for declaratory relief fails because it seeks to circumvent Defendants' contractual right to foreclose on the property based upon "a loan modification at issue in this matter." (Cplt. at ¶ 27). However, as discussed above, Plaintiff has failed to plead allegations showing that a valid, binding, modification agreement was executed by the parties. Absent these allegations, declaratory relief is improper. Moreover, the relief requested by Plaintiff will be determined by the underlying claims and the maintenance of a separate declaratory relief claim is duplicative and unnecessary. As such, Plaintiff's claim for declaratory relief should be dismissed.

### C. Plaintiff's Claim for Conversion and Slander of Title Fails

Plaintiff's claim for conversion and slander of title fails. Under Arizona law, conversion is defined as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Focal Point, Inc. v. U-Haul Co. of Arizona, Inc.*, 155 Ariz. 318, 319 (Ariz.App.1986). Historically, tort law has drawn a distinction between mere interference with the chattel, and the "exercise of defendant's hostile control over it." *See Id.*

Plaintiff's conversion claim fails for two reasons. First, Plaintiff has failed to allege facts showing that a valid modification agreement was formed or breached. HSBC Bank, As Trustee is allowed to enforce its security interest by foreclosing on the property pursuant to the Deed of Trust that Plaintiff admittedly

signed. HSBC Bank, As Trustee's contractual right to initiate foreclosure, after Plaintiff's admitted default, does not constitute conversion or give rise to a slander of title claim. Second, Plaintiff's conversion claim also fails because the claim is not ripe. Defendants have not foreclosed on the property and have not exercised hostile control over the property which would support a conversion claim. In fact, Plaintiff is in possession of the property and continues to enjoy the benefits of the property without payment. Plaintiff's conversion claim fails absent facts alleging that Defendants' initiation of the foreclosure process somehow deprived Plaintiff of her right to reside in and control the property.

"Slander of title requires proof of the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages. Malice, a required element of the claim, means acting from improper motives or without reasonable belief in the efficacy of the claim." *SWC Baseline & Crimson Investors, LLC v. Augusta Ranch Ltd. Partnership*, 2011 WL 5865688 at *13 (Ariz. App. Div. 1, 2011)(internal citations omitted). Plaintiff's slander of title claim fails because Defendants' right to initiate non-judicial foreclosure proceedings does not constitute actions that would give rise to a slander of title claim. Moreover, Plaintiff's Complaint indicates that Ocwen told her that "the home was being sold [] for failure to pay her monthly mortgage payment." (Cplt. at ¶ 56). Plaintiff does not allege the facts necessary to support the malice element for a slander of title claim. Plaintiff's claims for conversion of property and slander of title should be dismissed accordingly.

### D. Plaintiff's Claim for Violation of the Covenant of Good Faith and Fair Dealing Fails

Plaintiff's claim for "violation of obligation of good faith and fair dealing" fails because Plaintiff fails to allege sufficient facts to show that an underlying contract existed and the express terms thereof. "Arizona law implies a covenant of good faith and fair dealing in every contract… The purposes of such terms is so

neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship…The general rule is that an implied covenant of good faith and fair dealing cannot directly contradict an express contract term." *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423 (Ariz. App. Div. 1, 2002).

As previously discussed, Plaintiff fails to plead facts establishing that a binding loan modification agreement was formed and executed by Defendants. To the contrary, Plaintiff's Complaint indicates that she executed documents toward a loan modification but was required to complete a trial period in order to get a loan modification. (*See* Cplt. at ¶¶ 42 and 44). Plaintiff's Complaint fails to set forth facts showing what the requirements of the trial period were, and certainly fails to set forth facts alleging that Plaintiff ever received a modification. Plaintiff's claim fails absent facts showing that a binding loan modification agreement was entered into by the parties and a contract for the same executed and memorialized. Simply stated, Plaintiff has failed to establish the underlying contract that is a predicate to a claim for breach of the covenant of good faith and fair dealing. It follows that Plaintiff has failed to plead any express contract terms and how said terms were contradicted or violated. As such, Plaintiff's claim fails and must be dismissed.

### E. Plaintiff's Claim for "Material Misrepresentation" fails

Plaintiff's claim for "Material Misrepresentation" is apparently a claim for intentional misrepresentation or fraud. As such, the heightened pleading standard under Rule 9(b) is applicable. Plaintiff's claim for material misrepresentation fails because the Complaint does not set forth sufficient facts to support the heightened pleading standard or satisfy the elements of a fraud claim.

The nine essential elements of common law fraud are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's

ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and the (9) the hearer's consequent and proximate injury. *Teager v. Catholic Family & Cmty. Servs.*, 196 Ariz. 285, 294 (App. 1999). Under Arizona Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Similarly, under Federal Rule of Civil Procedure 9(b) "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Ninth Circuit has held that, when evaluating motions to dismiss, "fraud claims must meet the heightened pleading standard of Rule 9(b), which requires that a party state with particularity the circumstances constituting fraud. The circumstances surrounding the fraud must be specific enough to give defendants notice of the particular misconduct… so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, where and how of the misconduct charged." *Southwest Windpower, Inc. v. Imperial, Elec., Inc.*, 2011 WL 486089 at *2 (D.Ariz., 2011)(internal citations and quotations omitted).

Plaintiff's material misrepresentation claim fails because she has failed to set forth specific facts as to what the material misrepresentation was, who made it and when it was made or how it was false. In addition, Plaintiff fails to allege the speaker's knowledge of any statement's falsity and how any statement proximately caused Plaintiff damages. Absent facts supporting these elements, Plaintiff's material misrepresentation Claim fails and must be dismissed.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendants, HSBC Bank, As Trustee and Ocwen Loan Servicing, LLC, respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint and order any other relief the Court deems just and appropriate.

DATED: January 18, 2012

HOUSER & ALLISON
A Professional Corporation

 /s/ Charles Tony Piccuta
Charles Tony Piccuta
Attorneys for Defendants
HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1, Asset Backed Pass-Through Certificates and Ocwen Loan Servicing, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George A. Tacker
Tacker & Associates PC
14175 W. Indian School Road, Ste. B522
Goodyear, AZ 85395
gtacker@tackerlaw.com
*Attorneys for Plaintiff*

/s/ Courtney Hershey
Courtney Hershey