1  **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9  Susan M. Snyder, a married woman, as )   No. CV-12-0016-PHX-LOA
   her sole and separate property,      )
10                                       )   **ORDER**
                   Plaintiff,            )
11                                       )
   vs.                                   )
12                                       )
   HSBC Bank, USA, N.A., a foreign       )
13 corporation; Les Zieve; and Ocwen Loan )
   Servicing, LLC, a foreign limited     )
14 liability company, et al.,            )
                                         )
15                 Defendants.           )
   _____ )
16

17         Pending before the Court are two Rule 12(b)(6) motions to dismiss, one filed by

18 Defendants HSBC Bank, USA, N.A.[1] ("HSBC") and Ocwen Loan Servicing, LLC

   ("Ocwen"), and the other by Defendant Les Zieve ("Zieve"), each asserting the Com-
19
   plaint fails to state claims upon which relief may be granted. (Docs. 10, 22)  Plaintiff filed
20
   responses and a Motion to Allow Supplemental Pleading, purportedly authorized by Rule
21
   15, Fed.R.Civ.P., regarding factual allegations made in HSBC and Ocwen's Reply.
22
   (Docs. 17, 19)  Defendants HSBC and Ocwen replied and filed a Request to Correct
23
   Record, which the Court construes as a notice of *errata*, informing the Court that
24

25  _____

26         [1] The Bank indicates it was erroneously sued as HSBC Bank, USA, N.A. when, at all
   times material to the Complaint, it was acting as the trustee on behalf of ACE Securities
27 Corp.; Home Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE
   Securities Corp.; and Home Equity Loan Trust, Series 2006-HE1, and Asset Backed
28 Pass-Through Certificates. (Doc. 10 at 2)

1   Plaintiff's real property did not proceed to a trustee's sale on January 30, 2012. (Docs. 18,

2   20)  Because oral argument would not aid the Court's decisional process, HSBC and

3   Ocwen's and Plaintiff's requests for oral argument are denied.[2] *Mahon v. Credit Bur. of*

4   *Placer County, Inc.*, 171 F.3d 1197,1200 (9th Cir. 1999).

5          After considering the briefing and applicable law, the Court will grant Defendants'

6   motions, dismiss the Complaint, and grant Plaintiff leave to file an amended complaint.

7   **I. Background**

8          This lawsuit arises over a dispute whether a loan modification agreement was

9   reached by the parties in September 2010 or whether Plaintiff is in default on the loan

10  regarding her real property located on West Fishhook Court, Surprise, Arizona. (Doc. 1, ¶

11  8 at 17)  Plaintiff's property is subject to a deed of trust as a result of her execution of a

12  promissory note in June 2005 with HSBC. (*Id.*, ¶ 7 at 16)  At some time, Plaintiff stopped

13  making full payments on the loan. Plaintiff represents she retained the services of Michael

14  S. Define, an attorney, to negotiate a loan modification agreement ("LMA") with Ocwen,

15  the servicing agent for the HSBC loan.[3]  Plaintiff and Define claim Plaintiff "was

16  ultimately approved for a loan modification by Ocwen and executed a written contract

17  stating such." (Doc. 17-1 at 1-4, Exhibit ("Exh.") 1, Affidavit of Michael S. DeFine, Esq.)

18  Plaintiff attaches a copy of a nine-page document, entitled Loan Modification Agreement,

19  but it is signed only by Plaintiff. (Doc. 17-1 at 9-17, Exh. 2)

20         Consistent with her claim that the parties reached a LMA, Plaintiff represents she

21  made ten consecutive payments in the amount specified in the LMA. (Doc. 1, ¶¶ 10-11 at

22  17)  Plaintiff alleges that after the tenth payment was returned to her by Ocwen, she was

23  informed this payment was not the full amount due under the original note and deed of

24

25

---

26         [2] Plaintiff's request for oral argument did not comply with LRCiv 7.2(f).

27         [3] The Complaint fails to allege the relationship, if any, between HSBC and Ocwen,
28  and why HSBC is liable for the acts of Ocwen.

trust and she was in default on the loan.[4] (*Id.*)  Plaintiff provides a copy of the front of check No. 1069, dated September 8, 2010, which was made payable to Ocwen in the amount of $922.41. (Doc. 17-1 at 8)  This is the exact amount which was due "on or before 9/10/2010[]" according to the LMA. (*Id.*, ¶ 2 at 9)  Plaintiff claims neither Ocwen nor HSBC returned any of the other nine partial payments. (Doc. 17 at 5)  Further, prior to the LMA, Ocwen and/or HSBC sent a notice of default and started fore-closure proceedings, but after the LMA, Ocwen and HSBC cancelled the scheduled fore-closure sale and accepted payments under the LMA for the next nine months. (*Id.*, ¶¶ 13-14)  After returning the last payment, "Ocwen and/or HSBC then re-filed the required documents for foreclosure under Arizona law." (*Id.*, ¶ 15)  Plaintiff alleges she and her attorney Define "attempted on several occasions after Ocwen sent back the second check to give Ocwen and/or HSBC the opportunity to recognize their errors . . . but they continued to send back the check and deny liability under the terms of the loan modifi-cation agreement." (*Id.*, ¶ 21)  According to Plaintiff, Ocwen provided Plaintiff a monthly account statement, showing her reduced principal, the deferred principal, and the reduced interest rate, all in accordance with the LMA. (Doc. 17-1 at 22)

Plaintiff filed suit in the Maricopa County Superior Court, State of Arizona on December 8, 2011. (Doc. 1 at 15-25, Complaint)  Defendants HSBC and Ocwen removed the action to this District Court on January 3, 2012. (*Id.* at 1-5)  Plaintiff's verified Com-plaint asserts four causes of action: (1) declaratory relief,[5] Count One; (2) conversion and slander of title, Count Two; (3) breach of the covenant of good faith and fair dealing, Count Four;[6] and (4) intentional misrepresentation, Count Five. (Doc. 1 at 15-25)  On

---

[4] Plaintiff's Response indicates Plaintiff "received the eleventh payment back[,]" not the tenth, doc. 17 at 4.

[5] "[A] request for declaratory relief constitutes a remedy rather than a separate cause of action." *Salgado v. America's Servicing Co.*, 2011 WL 3903072, 5 (D.Ariz. Sept. 6, 2011) (citing *Silvas v. GMAC Mortgage, LLC*, 2009 WL 4573234 * 7 (D.Ariz. Dec. 1, 2009)).

[6] Plaintiff did not allege a Count Three. (Doc. 1 at 20-21)

December 8, 2011 and without notice to Defendants, Plaintiff obtained a temporary restraining order ("TRO") from a Superior Court commissioner pursuant to Arizona Rule of Civil Procedure 65(d), enjoining Defendants from foreclosing on or selling Plaintiff's property or removing Plaintiff from her property. (Doc. 1 at 13-14)  The TRO was set to expire at "the conclusion of the Order to Show Cause Hearing scheduled" before a Superior Court judge on January 5, 2012. (*Id.* at 10-11)  Defendants HSBC and Ocwen, however, removed this action on January 3, 2012, three days before the OSC hearing.

On June 5, 2012, over five months after removal, Plaintiff filed a notice of pending motion required by LRCiv 3.7(c), requesting a hearing on her Application for Temporary Restraining Order and Preliminary Injunction. (Doc. 30)  *See* LRCiv 3.7(c) ("If a motion is pending and undecided in the state court at the time of removal, the Court need not consider the motion unless and until a party files and serves a notice of pending motion . . ."). According to Plaintiff's Notice, the parties disagree whether the December 8, 2011 TRO is currently valid as Defendants "[i]ntend to sell the Plaintiff's home at a trustee sale currently set for June 20, 2012." (*Id.* at 2)  A Rule 16(a) pretrial conference is scheduled before the undersigned on June 14, 2012. (Doc. 32)

Defendants HSBC and Ocwen contend "Plaintiff's Complaint fails to plead the facts necessary to put them on notice of the precise wrongdoing Plaintiff believes they committed."  (Doc. 10 at 3) Specifically, they argue Plaintiff failed to affirmatively plead that a valid and binding loan modification agreement was entered into and executed by Defendants. (*Id.*)  They point out the Complaint does not allege HSBC and Ocwen executed  the LMA; thus, their dismissal motion "should be granted because Plaintiff's Complaint lacks the facts necessary to determine if a loan modification agreement was executed and entered into by Defendants and the terms Plaintiff alleges were breached." (*Id.*)  According to Defendants HSBC and Ocwen, "[a]bsent an allegation that a loan modification was executed by Defendants, and what provision of the modification agreement was allegedly breached, all of Plaintiff's claims fail and Defendants' motion to dismiss should be granted." (*Id.* at 5)

Regarding Plaintiff's conversion claim, Count Two, and the bad faith claim, Count Four, HSBC and Ocwen contend Plaintiff has not shown that a valid contract was formed modifying Plaintiff's note, that Defendants have breached the contract, or Defendants have foreclosed on her property, citing *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423-24, 46 P.3d 431, 434-35 (Az.Ct.App. 2002) ("The general rule is that an implied covenant of good faith and fair dealing cannot directly contradict an express contract term . . . ."). (*Id.* at 7) HSBC and Ocwen argue Plaintiff's conversion claim is not ripe because "Plaintiff is in possession of the property and continues to enjoy the benefits of the property without payment." (*Id.* at 6) Additionally, they argue Plaintiff's slander-of-title claim is without merit because a beneficiary under a deed of trust, like HSBC, is entitled to initiate a non-judicial foreclosure proceeding when a debtor, like Plaintiff, is in default on a loan, citing *SWC Baseline & Crimson Investors, LLC v. Augusta Ranch Ltd. Partnership*, 228 Ariz. 271, 265 P.3d 1070, 1086 (Az.Ct.App. 2011) ("Slander of title requires proof of 'the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages.' [citation omitted] Malice, a required element of the claim, means acting 'from improper motives or without reason-able belief in the efficacy of the claim.'"). They argue because HSBC and Ocwen are proceeding appropriately to foreclose on Plaintiff's property, claims of conversion and slander of title are not viable. Finally, HSBC and Ocwen argue that Plaintiff's claim for material misrepresentation or fraud fails because the Complaint does not set forth sufficient facts to support the heightened pleading standard required by Rule 9(b), Fed.R. Civ.P., or satisfy the elements of a fraud claim. (*Id.* at 7) According to HSBC and Ocwen, because the Complaint fails to set forth specific facts of what the material misrepresentation was, who made it, when it was made or how it was false, the speaker's knowledge of the statement's falsity and how the statement proximately caused Plaintiff damages, Plaintiff's material misrepresentation claim in Count Five must be dismissed. (*Id.* at 8)

Defendant Les Zieve, a licensed Arizona escrow agent, argues that, as a successor

trustee, he is not a proper party to this action and was named as a defendant in this action solely in his role as trustee. (Doc. 22 at 3) According to Zieve, HSBC determined a default existed under the note and deed of trust with Plaintiff, appointed Zieve as successor trustee of the deed of trust pursuant to A.R.S. § 33-803, and instructed him to commence foreclosure proceedings. (*Id.* at 2) He points out "[t]here is not one single allegation that Les Zieve breached his obligations as the trustee of the deed of trust under ARS §33-801 et seq. or the deed of trust." (*Id.* at 3) Zieve cites A.R.S. § 33-807(E) which provides that "[t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." A.R.S. § 33-807(E). Zieve points out that under Arizona law "the trustee under a deed of trust is only a proper party to a legal action if it is alleged that he violated some provision of the trustee's sale statutes or the deed of trust." (Doc. 22 at 3) Arizona law is clear that "[a]ny order of the court entered against the beneficiary (Lender) is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter."[7] *Id.* (referring to A.R.S. § 33-807(E)).

On May 30, 2012, Plaintiff responded to Zieve's Motion to Dismiss, urging the Court to deny the motion because "Plaintiff named [Zieve] based upon the requirements of A.R.S. §12-1841(A) of the Uniform Declaratory Judgment Act." (Doc. 28 at 5) Relying upon A.R.S. §§ 12-1841 and -1843 only, Plaintiff argues she "[w]as required to name all persons with any interest that would be affected by the declaratory judgment as parties . . . as [Zieve] is a person with an interest under the deed of trust at issue in this matter." (*Id.* at 7-8) According to Plaintiff, "[t]his Court needs to have jurisdiction over Defendant Les Zieve in order to ensure that any orders of the Court are obeyed as it is clear that Defendant Les Zieve does not believe it is subject to the jurisdiction of this Court and

---

[7] "'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." A.R.S. § 33-801(1).

1    intends to sell the real property on June 20, 2012."[8] (*Id*. at 8)

2    **II. Jurisdiction**

3    District courts have original subject-matter jurisdiction over an action pursuant to

4    either federal-question, 28 U.S.C. § 1331, or diversity jurisdiction, *id*. § 1332(a). The

5    party who asserts diversity jurisdiction "bears the burden" of proving its existence. *Lew v.*

6    *Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A party seeking to invoke diversity juris-diction

7    must affirmatively allege the actual citizenship of all the parties. *Kanter v.*

8    *Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). HSBC and

9    Ocwen removed this action to this District Court, alleging jurisdiction exists under 28

10   U.S.C. § 1332 because the parties' citizenship is completely diverse and the amount in

11   controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Doc. 1, ¶¶ 7,

12   14, Notice of Removal)

13   "A natural person is a citizen of a particular state if they are a citizen of the United

14   States and domiciled within that state." *Pimal Property, Inc. v. Fireman's Fund Ins. Co.*,

15   2005 WL 3273559, * 2 n. 1 (D.Ariz. November 29, 2005) (citation omitted). Plaintiff

16   avers she is domiciled in, and a citizen of, the State of Arizona. (Doc. 1, ¶ 1 at 15, Com-

17   plaint) HSBC and Ocwen cite the Complaint which alleges that Defendant Zieve is an

18   escrow agent that "resides in California" which is insufficient to affirmatively establish

19   Zieve is a citizen of, and domiciled in, California. *Kanter*, 265 F.3d at 857.

20   Defendant HSBC represents it is "a federally-chartered national banking associa-

21   tion with its main office and principal place of business in Virginia." (Doc. 1, ¶ 9 at 3)

22   National banking associations are "[d]eemed citizens of the States in which they are

23   respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, national

24   banks are citizens only of the states in which their main offices, as set forth in their

25   articles of association, are located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307

26

27   [8] The Court has not been provided any documentation that Defendants have re-
     initiated foreclosure proceedings notwithstanding the uncertain validity of the December 8,
28   2011 State TRO.

(2006) (interpreting 28 U.S.C. § 1348); *Oraha v. Metrocities Mortg., LLC*, 2011 WL 4101111, * 2 (D.Ariz. September 8, 2011). HSBC is domiciled in, and a citizen of, Virginia. (Doc. 1, ¶ 9 at 3)

Plaintiff's Complaint alleges that Ocwen "is a foreign limited liability company." (Doc. 1, ¶ 4 at 16) "[L]imited liability companies are citizens of every state of which any member is a citizen." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, . . . every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction . . . We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *see also Baldwin v. Monier Lifetile, L.L.C.*, 2005 WL 3334344 (D.Ariz. December 7, 2005).

Counsel for HSBC and Ocwen has filed an affidavit affirmatively stating the state of citizenship of each LLC member and Zieve. Defendant Ocwen is a Delaware limited liability company and its sole member is Ocwen Financial Corporation. Ocwen Financial Corporation is a Florida for-profit corporation with Florida corporate citizenship and Atlanta, Georgia as its principal place of business. (Doc. 33, ¶ 3 at 2) In other words, Atlanta, Georgia is Ocwen Financial Corporation's headquarters, which is corroborated by Exhibit 1, a printout from the official website for the Florida Division of Corporations located at www.sunbiz.org. (*Id.*, Exh. 1) *See Hertz Corp. v. Friend*, ___ U.S. ___, 130 S.Ct. 1181, 1192 (2010) (a corporation's principal place of business, for diversity jurisdiction purposes, is its nerve center, abrogating *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001) (*per curiam*)). HSBC and Ocwen's counsel avers that Zieve, is a citizen of both the United States and California and is domiciled in California, which is corroborated by Zieve's counsel. (*Id*, ¶ 4 at 2; doc. 34) Zieve is "[c]itizen of both United States and California and domiciled in California [and] maintains his permanent home in California with the intention to remain

- 8 -

in California." (Doc. 34, ¶ 3 at 2[9]) The Court concludes it has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

The parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 7, 12, 26)

**III. Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) may be granted for two reasons: 1) failure to allege a cognizable legal theory, or 2) the facts alleged are insufficient to state a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that a defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although a complaint challenged for failure to state a claim does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise plaintiff's right to relief above a speculative level. *Id.* Federal Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is

---

[9] Zieve's affidavit was not filed in text-searchable format and, therefore, fails to comply with LRCiv 7.1(c), 5.5(b) and the definition of ".pdf," in the District Court's ECF Administrative Policies and Procedures Manual, at I(A), p. 2. Future filings by Zieve that fail to comply with the Local Rules in this regard may result in the striking of the filing or denial of the motion.

hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citation omitted)).

Federal Rule of Civil Procedure 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding whether to grant a motion to dismiss, a district court must accept as true all "well-pleaded factual allegations in the complaint as true, [but courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**III. Governing Law**

    **A. General Principles**

In Arizona, "[d]eed of trust sales are held without the prior judicial authorization required in a mortgage foreclosure." *Contreras v. U.S. Bank as Trustee for CSMC Mortg. Backed Pass-through Certificates etc*., 2009 WL 4827016, * 4 (D.Ariz. December 15, 2009) (citing *In re Krohn*, 203 Ariz. 205, 208, 52 P.3d 774, 777 (Ariz. 2002)). "Arizona's

deed of trust statutes were enacted in 1971 to bypass time-consuming and expensive judicial foreclosure by using the power of sale authority to sell property securing a delinquent loan after complying with statutory procedural requirements." *Id.* Unlike a mortgage, "[a] deed of trust is a three-party instrument where the trustor (borrower) transfers legal title in real property to the trustee (legal title holder) as security for the performance by the trustor or a third party of obligations to the beneficiary (lender)." *Maxa v. Countrywide Loans, Inc*., 2010 WL 2836958, * 4 (D.Ariz. July 19, 2010) (citations omitted). In Arizona, though a promissory note and trust deed are generally construed together, A.R.S. § 33-817,[10] "the note and the deed of trust are nonetheless distinct instruments that serve different purposes. The note is a contract that evidences the loan and the obligor's duty to repay." *Hogan v. Washington Mut. Bank, N.A.*, ___ P.3d ___, ___, 2012 WL 1835540, * 3 (Ariz. May 18 2012), vacating 227 Ariz. 561, 261 P.3d 445 (Az.Ct.App. 2011) (citing A.R.S. § 33-801(4)). "The trust deed transfers an interest in real property, securing the repayment of the money owed under the note." *Id.* (citing A.R.S. §§ 33-801(4), -801(8), -801(9), -805, -807(A)).

**A. Breach of Contract**

"In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." *Warren v. Sierra Pacific Mortg. Srvcs Inc*., 2011 WL 1526957, * 3 (D.Ariz. April 22, 2011) (citing *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (Az.Ct.App. 2004)); *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656 (Ariz. 1975).

Plaintiff has failed to allege sufficient facts that she has a breach-of-contract claim

---

[10] A.R.S. § 33-817 provides "[t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts." A.R.S. § 33-817.

against HSBC and Ocwen which is "plausible on its face" under the *Twombly* and *Iqbal* standard. In fact, there is no count which alleges a breach-of-contract cause of action. The Complaint's general allegations make no factual representations that HSBC agreed to a loan modification, much less provide facts to support a plausible claim. (*See* doc. 1, ¶¶ 9-23 at 8-19) While the Complaint alleges more facts against Ocwen, the Court agrees with HSBC and Ocwen that the Complaint fails to affirmatively plead that a valid and binding loan modification agreement was reached and executed by these Defendants.

**B. Statute of Frauds**

HSBC and Ocwen raise in their reply that the LMA claim is a loan agreement regarding an interest in real property and falls within Arizona's Statute of Frauds, A.R.S. § 44-101. (Doc. 18 at 4) An agreement that falls within the Statute of Frauds can only be modified in writing. HSBC and Ocwen contend that Plaintiff has failed to state a claim upon which relief can be granted because the LMA was not reduced to writing and signed by them. Thus, Plaintiff's claims arising from the unilaterally executed LMA are subject to the Statute of Frauds. (*Id*. at 3) HSBC and Ocwen's reply points out that the alleged LMA provided by Plaintiff, and Define's Declaration, explicitly sets forth that:

> You understand that the Note and Mortgage will not be modified unless and until (i) you receive from the Servicer a copy of this Agreement signed by the Servicer, (ii) you successfully complete the trial period (as defined below), and (iii) the Servicer receives assurances from the title insurance company insuring the lien of the Mortgage… In order for the terms of this Agreement to be effective, you promise to make an initial payment of $922.41 on or before 9/10/2010 and one Trial Payment of principal and interest in the amount of $742.84 to Servicer on or before 10/1/2010.

(*Id*. at 3) HSBC and Ocwen argue "[e]ven assuming that part performance satisfied the statue of frauds, [Plaintiff] cannot show the agreement ever took effect because she failed to make the down payment before [September] 10, 20[10] as explicitly required." (*Id*. at 4) Moreover, the part-performance exception to the Statute of Frauds does not apply because "the submission of payments by Plaintiff 'must conclusively establish that a contract exists[,]'" citing *Owens v. M.E. Schepp Ltd. Partnership*, 218 Ariz. 222, 227

(Ariz. 2008)). (*Id.*)

Plaintiff argues, however, that the Statute of Frauds does not apply to this case because, "once the Plaintiff completed her[] obligations under the 'Trial Period', the Defendants were obligated pursuant to Paragraph 3 of the [LMA] to modify the terms of the loan in accordance with the terms of the [LMA]. The Account Statement sent monthly by the Defendants in fact shows that this is exactly what the Defendants did in fact do."[11] (Doc. 17 at 9)

Arizona's Statute of Frauds, codified at A.R.S. § 44-101, provides, in relevant part:

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

. . . .

Upon an agreement . . . for the sale of real property or an interest therein.

A.R.S. § 44–101(6); *Owens*, 218 Ariz. at 225, 182 P.3d at 667. In Arizona, a mortgage or deed of trust is "an interest" in real property for purposes of the Statute of Frauds. *Schrock v. Federal Nat. Mortg. Ass'n*, 2011 WL 3348227, * 4 (D.Ariz. August 3, 2011) (citing *Freeming Const. Co. v. Security Sav. & Loan Ass'n*, 115 Ariz. 514, 516, 566 P.2d 315, 317 (Az.Ct.App. 1977); *Passey v. Great Western Associates II*, 174 Ariz. 420, 422, 850 P.2d 133, 135 (Az.Ct.App. 1993) ("We find that the statute of frauds requirement of a signed writing prevents Passey from enforcing the acreage-release provision in the unsigned deed of trust addendum."). A loan modification agreement and deed of trust agreement must be in writing and signed by the party to be charged to be enforceable. Thus, "[a] modification to the material terms of a mortgage loan [or loan secured by a

---

[11] Plaintiff's reliance in her Response, doc. 17 at 8, upon the Arizona Court of Appeals decision in *Owens v. M.E.Schepp Ltd. P'ship*, 216 Ariz. 273, 165 P.3d 674 (Az.Ct.App. 2007) is misplaced because this divided panel opinion was vacated by the Arizona Supreme Court on May 8, 2008, and, therefore, has no precedential value. *Owens v. M.E. Schepp Ltd. Partnership*, 218 Ariz. 222, 182 P.3d 664 (Ariz. 2008).

deed of trust] must also be in writing and signed." *Schrock*, 2011 WL 3348227 at * 4

(citing *e.g.*, *Best v. Edwards*, 217 Ariz. 497, 176 P.3d 695, 698–99 (Az.Ct.App. 2008));

*Executive Towers v. Leonard*, 7 Ariz.App. 331, 439 P.2d 303, 305 (Az.Ct.App. 1968);

*Womack v. Bank of America, N.A.*, 2000 WL 35725366, * 4 (Az.Ct.App. November 20,

2000) ("[w]here an original agreement comes within provisions of the statute of frauds

requiring certain agreements to be in writing, the statute of frauds renders invalid and

ineffectual a subsequent oral agreement changing the terms of the written contract.")

(quoting *Executive Towers v. Leonard*, 7 Ariz.App. 331, 333, 439 P.2d 303, 305

(Az.Ct.App. 1968) (citation omitted)).

      "Generally, Arizona case law does not recognize oral modifications of a contract

that would originally fall under the statute of frauds . . . ." *Narramore v. HSBC Bank

USA, N.A.*, 2010 WL 2732815, 3 (D.Ariz. July 7, 2010) (citation omitted). "Arizona

courts, however, have long recognized limited exceptions to the statute." *Owen*, 218 Ariz.

226, 182 P.3d at 668, (citing *e.g.*, *Latimer v. Hamill*, 5 Ariz. 274, 277–78, 52 P. 364, 366

(1898) (characterizing the part performance exception as too well settled to require

citations of authority) (quotation marks omitted). "The cases reason that because the

statute is intended to prevent fraud, specific performance of an oral contract is sometimes

required to prevent the statute from becoming 'an instrument by which fraud is perpe-

trated.'" *Id.* (quoting *Trollope v. Koerner*, 106 Ariz. 10, 16, 470 P.2d 91, 97 (Ariz. 1970)).

      As the Arizona Supreme Court explained:

>     The "part performance" exception to the statute of frauds is grounded in the
> equitable principle of estoppel. (citations omitted) The label "part performance" is
> in some ways a misnomer: the relevant acts need not be required by the oral
> agreement, but rather must be undertaken in reliance on the agreement. Restate-
> ment (Second) of Contracts § 129 cmt. a; (citations omitted).

>     In addition to providing an equitable basis for ordering specific performance,
> acts of part performance serve an important evidentiary function—they excuse the
> writing required by the statute because they provide convincing proof that the
> contract exists. (citations omitted) So that this exception does not swallow the rule,
> the acts of part performance take an alleged contract outside the statute only if they
> cannot be explained in the absence of the contract.

*Id.* "Whether this doctrine is labeled estoppel or part performance does not affect the ultimate result of its application, which is that a party may be precluded from asserting the Statute of Frauds as a defense when he has induced or permitted another to change his position to his detriment in reliance on an oral agreement which would be within the Statute." *Dollar Tree Stores, Inc. v. Bayless Inv. & Trading Co.*, 2011 WL 6032966, * 5-6 (D.Ariz. December 1, 2011) (quoting *William Henry Brophy Coll. v. Tovar*, 127 Ariz. 191, 619 P.2d 19, 22 (Az.Ct.App. 1980) (citation omitted). "Arizona courts have repeatedly affirmed that the party seeking to enforce the oral agreement must be seeking an equitable remedy." *Dollar Tree Stores*, 2011 WL 6032966 at * 6 (citing *William Henry Brophy Coll.*, 619 P.2d at 23; *Trollope*, 470 P.2d at 98 (citing *Evans v. Mason*, 82 Ariz. 40, 308 P.2d 245, 248 (Ariz. 1957) ("This court has squarely held that notwithstanding the procedural merger of law and equity, the equitable doctrine of part performance is inapplicable in a suit where only money damages are sought")). "Where a party seeks only a remedy at law, the equitable doctrines are unavailable to escape Statute of Frauds." *Id.* (citing *William Henry Brophy Coll.*, 619 P.2d at 23).

It is unclear whether Plaintiff is claiming the part-performance exception to the Statute of Frauds applies in this case. Plaintiff discusses it in her response, doc. 17 at 8-9, but the Complaint clearly fails to allege sufficient facts to state a plausible claim that the part-performance exception applies here. Moreover, this exception is an equitable one which is only available to a party seeking equitable relief, but Plaintiff is seeking damages. *Dollar Tree Stores*, 2011 WL 6032966 at * 5-6. The Court will permit Plaintiff to file an amended complaint to allege a plausible claim if she is asserting the part-performance exception.

### C. Fraud

"In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed.R.Civ.P. 9(b). "Rule 9(b) requires allegations of fraud to be 'specific enough to give defendants notice of the particular misconduct which is alleged

to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Dumesnil v. Bank of America, N.A.*, 2010 WL 1408889, * 2 (D.Ariz. April 7, 2010) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)); *see also Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (Ariz. 1982) (citations omitted).

HSBC and Ocwen argue "Plaintiff's claim for material misrepresentation fails because the Complaint does not set forth sufficient facts to support the heightened pleading standard or satisfy the elements of a fraud claim." (Doc. 10 at 7)  Plaintiff discusses the facts from her perspective derived from the exhibits and states, "[a]ll nine elements of the claim for fraud or material misrepresentation are present and outlined in the Complaint." (Doc. 17 at 13)  The Court disagrees that the Complaint complies with federal law on pleading such a claim, but will grant Plaintiff's request "that she be allowed to amend the Complaint to allege these very specific facts of the claim." (*Id.*)

### D. Breach of the Covenant of Good Faith and Fair Dealing

"Under Arizona law, the covenant of good faith and fair dealing is implied in every contract, and the 'duty arises by virtue of a contractual relationship.'" *Silving v. Wells Fargo Bank, NA*, 800 F.Supp.2d 1055, 1070 (D.Ariz. 2011) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565, 569 (Ariz. 1986)). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* at 1071. Either party can breach the covenant of good faith and fair dealing by exercising discretion under the contract in such a way as to deny the other party a reasonably expected benefit of the bargain. *Wells Fargo Bank v. Ariz. Laborers*, 201 Ariz. 474, 490, 38 P.3d 12, 28 (Ariz. 2002)). "[B]ecause a party may be injured when the other party to a contract manipulates bargaining power to its own advantage, a party may nevertheless breach its duty of good

faith without actually breaching an express covenant in the contract." *Id.,* 201 Ariz at 491, 38 P.3d at 29.

"[A]rizona law recognizes that a party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in way not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Bike Fashion Corp.*, 202 Ariz. at 424, 46 P.3d at 435.

There is a difference in the proof required, depending on whether the claim sounds in tort or in contract. *Wells Fargo Bank*, 201 Ariz. at 491, 38 P.3d at 29. Count Four of the Complaint does not specify whether the bad faith allegation arises in tort or contract, but it does request an award of punitive damages in paragraph 49, which is consistent with the tort claim of bad faith. (Doc. 1 at 21-22) "[I]t is well settled in Arizona that the relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor." *Rodriguez v. Quality Loan Service Corp.*, 2010 WL 1644695, * 2 (D.Ariz. April 22, 2010) (quoting *McAlister v. Citibank*, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct.App.1992) (quotation omitted)). If Plaintiff is alleging a tortious claim of bad faith, the Complaint fails to state a claim because the Complaint does not allege HSBC and Ocwen had a special or fiduciary relationship with Plaintiff. *Addvensky v. Dysart Unified School Dist. No. 89*, 2011 WL 1882289, * 7 (D.Ariz., May 17, 2011) (internal quotation marks omitted) (quoting *Wells Fargo Bank*, 201 Ariz. 474, 490, 38 P.3d 12, 28 (Ariz. 2002)). "Action for breach of the covenant may sound in contract or in tort, but sustaining a tort claim requires a plaintiff to allege and prove a "special relation-ship between the parties arising from elements of the public interest, adhesion, of fiduciary responsibility."" *Id*.

HSBC and Ocwen claim the Complaint fails to state a contractual claim for breach of the covenant of good faith and fair dealing "because Plaintiff fails to allege sufficient facts to show that an underlying contract [the LMA] existed and the express terms thereof." (Doc. 10 at 6) While it is true that Arizona law implies a covenant of good faith

and fair dealing in every contract, as HSBC and Ocwen argue, similarly "[A]rizona law recognizes that a party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in way not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Bike Fashion Corp.*, 202 Ariz. at 424, 46 P.3d at 435; *see also Gould v. M & I Marshall & Ilsley Bank*, 2011 WL 5826031, * 2 (D.Ariz. November 18, 2011). "Acts in accord with the terms of one's contract cannot without more be equated with bad faith." *Wells Fargo Bank*, 201 Ariz. at 492, 38 P.3d at 30 (citation omitted).

Plaintiff has not alleged that HSBC and Ocwen acted in a way "not expressly excluded" by the LMA, and Plaintiff may have been adversely affected by a reasonable expected benefit under the LMA. Count Four is dismissed for failure to state a claim, but the Court will grant Plaintiff leave to file an amended complaint, alleging a bad faith claim.

### D. Trustee Liability

"In Arizona, non-judicial foreclosure sales, or trustees' sales, are governed by statute." *Hogan*, ___ P.3d ___, ___, 2012 WL 1835540 at * 1 (citing A.R.S. §§ 33-801 to -821; *In re Vasquez*, 228 Ariz. 357, 359, 266 P.3d 1053, 1055 (Ariz. 2011)). "When parties execute a deed of trust and the debtor thereafter defaults, A.R.S. § 33-807 empowers the trustee to sell the real property securing the underlying note through a non-judicial sale." *Id.* Under Arizona law, "[a] trustee under a trust deed does not have the legal powers or obligations of a trustee under traditional trust law, but rather serves as a type of common agent for both parties." *Contreras*, 2009 WL 4827016 at * 5 n. 2 (citing *In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (Ariz. 1988)). "A trustee's primary duty arises upon default." *Id.* Section 33-809(C) requires that, after recording the notice of the trustee's sale under § 33-808, the trustee must send the trustor, the debtor, notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance. *Transamerica Fin. Servs., Inc. v. Lafferty*, 175 Ariz. 310, 313-14, 856

P.2d 1188, 1191-92 (Az.Ct.App. 1993) (recognizing that a trustee's obligation is only to mail notice to address provided). A trustee owes the trustor a fiduciary duty, and may be held liable for conducting a trustee's sale when the trustor is not in default. *Hogan*, 2012 WL 1835540 at 3 (citing *Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (Ariz. 1978)).

Here, HSBC is the beneficiary under the deed of trust on Plaintiff's property. *Hatch Cos. Contracting, Inc. v. Ariz. Bank*, 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (Az.Ct.App. 1991) ("While deeds of trust are given to secure debts, [Arizona] statutes governing deeds of trust provide that a deed of trust "conveys" the trust property to a trustee who holds the property for the benefit of the beneficiary designated in the deed of trust."). "If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." *Eason v. IndyMac Bank FSB*, 2010 WL 1381889, * 3 (D.Ariz. April 6, 2010) (citing A.R.S. § 33-807(E) (emphasis added); *see also BT Capital, LLC v. TD Service Co. of Arizona*, ___ P.3d ___, 2012 WL 1556654, * 4 (Ariz. May 4, 2012). In *BT Capital*, the Arizona Supreme made clear that the rights of BT Capital, the unsuccessful bidder on property auctioned at a trustee's sale, "[a]re determined by the statutes governing deeds of trust, not the common law[,]" citing, *inter alia*, A.R.S. § 33–807(E) ("[t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust"). *Id.* Because Arizona's deed of trust "[s]tatutes do not recognize any right to recover damages in these circumstances, they preclude a third party like BT from asserting claims for common law breach of contract against the trustee or beneficiary." *Id.*

Plaintiff has not alleged or explained how Zieve, the successor trustee, has breached his obligations under the deed or Arizona law. Plaintiff relies upon Arizona's declaratory judgment statute, A.R.S. § 12-1841(A), as her authority that Plaintiff was "required" to bring this action against Zieve because he is a "person" within the meaning of A.R.S. § 12-1843 and has an "[i]nterest that would be affected by" Plaintiff's

declaratory judgment action. (Doc. 28 at 4, 7)  A.R.S. § 12-1841(A) states in relevant part:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . .

A.R.S. § 12-1841(A).

Under A.R.S. § 33–807(E), a trustee should only be joined as a party in legal actions if the trustee is alleged to have breached his obligations under Arizona trustee law or the deed of trust. A.R.S. § 33–807(E). The plain meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a party to a claim when that claim asserts that the trustee breached one or more of the trustee's obligations arising under either the deed of trust or Arizona statutes regulating trust deeds. *Kentera v. Fremont Inv. & Loan*, 2011 WL 4005411, 8 (D.Ariz. September 8, 2011). The second sentence of the statute specifies that, to the extent a plaintiff wishes to challenge actions that a deed of trust or Arizona statute authorize a trustee to take, an order against the beneficiary alone is sufficient to bind the trustee. *Id.*

"Thus, to receive the protection of A.R.S. § 33–807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust." *Id*. (citing *Puzz v. Chase Home Finance, LLC*, 763 F.Supp.2d 1116, 1122 (D.Ariz. 2011).

Plaintiff has conflated the role of a trustee in a foreclosure action with a necessary party to a declaratory judgment action which requires that all parties to a contract be joined in the action pursuant to A.R.S. § 12-1841(A). In Arizona, "[t]he purpose of a declaratory judgment action is to obtain a judicial determination of parties' rights and

obligations in a controversy prior to one party's breach of those rights." *State v. Mabery Ranch, Co.*, L.L.C., 216 Ariz. 233, 242-43, 165 P.3d 211, 220-21 (Az.Ct.App. 2007) (citation omitted). Here, Plaintiff has made no claim that Zieve, who is neither a party nor a signatory to the LMA, has breached the LMA. See, doc. 17-1 at 9-17. Except for § 12-1841(A), Plaintiff has not provided any authority that a trustee under a deed of trust, who is not a party to an alleged LMA, must be joined in the action when Arizona law clearly provides that a judicial order entered against the beneficiary, HSBC, is binding upon the trustee, Zieve. A.R.S. § 33-807(E). Because Plaintiff has ignored the limits to a trustee's liability under Arizona law, the Court concludes that Zieve should not have been sued in this action. Plaintiff has not alleged any obligation of the trustee arising either under the statutes regulating trustees or the deed of trust itself that Zieve violated. The action against Zieve, therefore, will be dismissed with prejudice pursuant to the requirements of A.R.S. § 33–807(E). Pursuant to the mandate of this statute, Zieve is awarded his reasonable attorney's fees and costs from Plaintiff for joining Zieve in this action. Such fees and costs shall be awarded upon Zieve's compliance with LRCiv. 54.2.

**IV. Leave to Amend**

"[T]he Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, 'unless the court determines that the pleading could not possibly be cured by the allegations of other facts.'" *Schrock v. Federal Nat. Mortg. Ass'n*, 2011 WL 3348227, * 9 (D.Ariz. August 3, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). "There is a longstanding rule that [l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* (internal quotation marks and citations omitted).

Defendants HSBC and Ocwen request the Complaint be dismissed "without leave to amend[,]" but do not cite any authority or explain why the trial court should disregard the Ninth Circuit's directive to grant leave to amend when dismissing a case for failure to state a claim. (Doc. 18 at 2) The Court will grant Plaintiff leave to file an amended complaint because it is cannot conclude at this time that Plaintiff can not cure any of her

claims by allegations of additional facts.

Plaintiff is also notified that an amended complaint supersedes the prior complaint and must be complete in itself, without incorporating by reference any prior or superseded pleading. *Untalan v. Alliance Bancorp*, 2011 WL 4704232 (D.Haw. Oct. 4, 2011) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). An amended complaint must stand on its own. Plaintiff is forewarned that if she elects to file an amended complaint and it fails to comply with the Court's instructions or case law explained in this order, the action will be dismissed with prejudice. *Watson v. U.S. Bank Nat. Ass'n*, 2011 WL 1480130, * 3 (D.Ariz. April 19, 2011). In addition, Plaintiff may not reassert a claim against Defendant Zieve as the Court has dismissed him from this action with prejudice. *Untalan*, 2011 WL 4704232 at 9.

**V. Motion to Allow Supplemental Pleading**

Relying on Rule 15, Fed.R.Civ.P., and after briefing closed on Defendants' Motion to Dismiss, Plaintiff sought permission to supplement her Response because Defendants "[m]isstated the facts of this case and raised a defense in their reply that is not available to them pursuant to Arizona Revised Statutes (A.R.S.) § 33-811." (Doc. 19 at 2)  Plaintiff points out that, contrary to Defendants' assertion that the trustee's sale of Plaintiff's residence occurred on January 30, 2012, "Exhibit 1attached hereto clearly shows the foreclosure sale has not occurred [and] this matter was transferred to the Federal Court for the District of Arizona by the Defendants on January 3, 2012." (*Id*. at 2-3)

Federal Rule of Civil Procedure 15, Fed.R.Civ.P., deals with amending pleadings as defined in Rule 7 and is inapplicable to filing supplemental memorandum on a pending motion. Nevertheless, the district court is vested with inherent powers to manage their cases and courtrooms, including authorizing supplemental briefing. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). Trial courts have inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). In light of defense counsel's concession that "he was misinformed that the foreclosure sale was conducted on January 30, 2012[,]"

doc. 20 at 2, Exh. 1, Piccuta Declaration at ¶ 3, and the inapplicability of § 33-811(C) to Plaintiff's claims, the Court will deny Plaintiff's Motion to Allow Supplemental Pleading as moot.

Based on the foregoing,

**IT IS ORDERED** that Defendants HSBC and Ocwen's Motion to Dismiss, doc. 10, is **GRANTED**. The Complaint is dismissed as to Defendants HSBC and Ocwen without prejudice for failure to state claims upon which relief may be granted. If Plaintiff files a proposed amended complaint, it must be consistent with this order and specifically set forth the citizenship of each defendant.

**IT IS FURTHER ORDERED** that should Plaintiff seek to bring an amended complaint, she shall file a motion for leave to file an amended complaint **no later than Wednesday, June 13, 2012**. The motion must attach the proposed amended complaint and comply with the requirements of LRCiv 15.1.

**IT IS FURTHER ORDERED** that Defendant Les Zieve's Motion to Dismiss, doc. 22, is **GRANTED**. Defendant Les Zieve is dismissed with prejudice from this action. The Clerk is kindly directed to enter judgment in favor of Defendant Les Zieve against Plaintiff without Rule 54(b) language. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2009 WL 297704 (D.Ariz. Feb. 6, 2009). Les Zieve is awarded his reasonable attorney's fees and costs from Plaintiff upon Zieve's filing a timely application for his attorneys' fees and costs by **Friday, July 6, 2012** in compliance with LRCiv 54.2. Plaintiff shall file a response by **Monday, August 6, 2012.** An optional reply may be filed by **Friday**, **August 31, 2012.**

**IT IS FURTHER ORDERED** that, because the briefing is adequate and oral argument would not aid the Court, Defendants' and Plaintiff's requests for oral argument are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Supplemental Pleading, doc. 19, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Request to Correct Record, doc.

20, which the Court construes as a notice of *errata*, is **DENIED** as an unnecessary motion.

DATED this 8th day of June, 2012.

Lawrence O. Anderson
United States Magistrate Judge