1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Susan M. Snyder, a married woman, as     )    No. CV-12-0016-PHX-LOA
     her sole and separate property,           )
10                                             )    **ORDER**
                    Plaintiff,                  )
11                                             )
     vs.                                        )
12                                             )
     HSBC Bank, USA, N.A., a foreign           )
13   corporation; and Ocwen Loan Servicing,    )
     LLC, a foreign limited liability company, )
14                                             )
                                               )
15                  Defendants.                 )
                                               )
16   _____

17          This case arises on Defendants HSBC Bank, USA, N.A.[1] ("HSBC") and  Ocwen

18   Loan Servicing, LLC's ("Ocwen") Objection to Plaintiff's Notice of Pending Motion

19   Pursuant to Local Rule of Civil Procedure, Rule 3.7(c). (Docs. 30, 37)  Defendants HSBC

20   and Ocwen claim that Plaintiff mistakenly contends that the temporary restraining order

21   ("TRO") Plaintiff obtained on December 8, 2011 without notice to them or their counsel

22   from a Superior Court commissioner is, and remains, valid, prohibiting HSBC and Ocwen

23   from foreclosing on, or conducting a trustee's sale of, Plaintiff's property on June 20,

24   2012. The Court will sustain Defendants' objection as the state-issued TRO has expired

25   _____

26          [1] The Bank indicates it was erroneously sued as HSBC Bank, USA, N.A. when, at all
     times material to the Complaint, it was acting as the trustee on behalf of ACE Securities
27   Corp.; Home Equity Loan Trust, Series 2006-HE1 for the registered holders of ACE
     Securities Corp.; and Home Equity Loan Trust, Series 2006-HE1, and Asset Backed
28   Pass-Through Certificates. (Doc. 10 at 2)

months ago and has not been timely extended upon a showing of good cause.

**I. Background**

Generally, this lawsuit is a dispute between a homeowner, Plaintiff, and her home loan lender, HSBC, and its servicing agent, Ocwen, whether a loan modification agreement was reached by the parties as Plaintiff contends, or whether Plaintiff is in default on the loan.[2]  Because the parties are familiar with the facts and various claims alleged in light of the Court's lengthy June 6, 2012 order dismissing this action without prejudice, only those facts relevant to the validity of the Arizona TRO issued on December 8, 2011 will be discussed in this order.

Plaintiff initially filed suit in the Maricopa County Superior Court, State of Arizona on December 8, 2011. (Doc. 1 at 15-25) That same day without notice to Defendants, Plaintiff obtained a TRO from a Superior Court commissioner, pursuant to Arizona Rule of Civil Procedure 65, enjoining Defendants from foreclosing on Plaintiff's residence, conducting a trustee's sale, or removing Plaintiff from it until a preliminary injunction hearing is held. (Doc. 1 at 13-14)  The TRO's terms indicate it was set to expire at "the conclusion of the Order to Show Cause Hearing scheduled" before a Superior Court judge on January 5, 2012. (*Id.* at 10-11)  Defendants HSBC and Ocwen, however, removed this action on January 3, 2012, three days before the OSC hearing. Plaintiff's property did not proceed to a trustee's sale on January 30, 2012. (Doc. 20)

Since this action was removed to this District Court over five months ago, Plaintiff did not timely request an extension of the TRO or file another request for a temporary restraining order and preliminary injunction. On January 18, 2012, Defendants HSBC and Ocwen, and later the successor trustee, moved to dismiss the Complaint for failure to state claims upon which relief may be granted. (Docs. 10, 22)  After briefing was submitted, the Court granted the Rule 12(b)(6) motions on June 8, 2012, with leave for Plaintiff to

---

[2] Plaintiff also sued the successor trustee, Les Zieve, who has been dismissed from this action with prejudice per A.R.S. § 33-807(E). (Doc. 35)

1    file an amended complaint. (Doc. 35)

2        In their June 12, 2012 Objection, eight days before another scheduled trustee's sale

3    on Plaintiff's property, Defendants provided the Court with copies of the email exchanges

4    between counsel in which Plaintiff's counsel was informed, as early as January 24, 2012,

5    "that there is no TRO in place as the TRO has expired pursuant to both state and Federal

6    Rules and controlling Supreme Court law." (Doc. 37-5 at 2)  Nevertheless, it was not until

7    June 5, 2012, shortly before the Court granted Defendants' motions to dismiss, that

8    Plaintiff provided the Court with a notice of pending motion required by LRCiv 3.7(c),

9    requesting a hearing on her Application for Temporary Restraining Order and Preliminary

10   Injunction. (Doc. 30)  *See* LRCiv 3.7(c) ("If a motion is pending and undecided in the

11   state court at the time of removal, the Court need not consider the motion unless and until

12   a party files and serves a notice of pending motion . . . ."). The Court will not speculate

13   whether Plaintiff was simply unfamiliar with established federal law or intentionally

14   delayed raising the TRO issue for strategic or improper purposes.

15       According to Plaintiff's June 5, 2012 Notice, the parties disagree whether the

16   December 8, 2011 state-issued TRO is presently valid and enforceable as, according to

17   Plaintiff, Defendants "[i]ntend to sell the Plaintiff's home at a trustee sale currently set for

18   June 20, 2012." (Doc. 30 at 2)  Plaintiff's Notice requested this Court "immediately

19   calendar" or set a a preliminary injunction hearing *before* June 20, 2012, or alternatively,

20   unilaterally issue a TRO "consistent with the prior Temporary Restraining Order issued

21   by the Maricopa County Superior Court prior to this matter being removed." (*Id.* at 3[3])

22   _____

23       [3] Plaintiff's Notice of Pending Motion can not fairly be construed as a petition for
     temporary restraining order and preliminary injunction, meeting the "stringent restrictions"
24   of Rule 65, Fed.R.Civ.P. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438
     (1974). To justify the extraordinary remedy of an injunction, Plaintiff must show she is likely
25   to succeed on the merits, she is likely to suffer irreparable harm in the absence of preliminary
     relief, the balance of equities tips in her favor, and an injunction is in the public interest. *See*
26   *Winter v. Natural Res. Def. Council, Inc*., 555 U.S.7, 20 (2008); *Am. Trucking Assoc., Inc.*
27   *v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Haskins v. Moynihan*, 2010 WL
28   3190640, * 1-2 (D.Ariz. Aug 12, 2010).

1    Upon the filing of Plaintiff's Notice, the Court promptly set a pretrial, non-evidentiary

2    conference for June 14, 2012 for the purposes of discussing, *inter alia*, Plaintiff's Notice

3    of Pending Motion and the December 8, 2011 TRO. (Doc. 32)  Two days before the

4    conference, Defendants filed their Objection to Plaintiff's Notice of Pending Motion

5    Pursuant to Local Rule of Civil Procedure, Rule 3.7(c). (Doc. 37)

6            At the conference in open court on June 14, 2012, the Court informed Plaintiff's

7    counsel, George A. Tacker, that the state TRO expired months ago. Additionally, the

8    Court denied without prejudice Plaintiff's June 13, 2012 Motion for Leave to Amend

9    Plaintiff's Complaint for the failure of the proposed amended complaint to specifically set

10   forth the citizenship of each party for jurisdictional purposes. Plaintiff was given 10

11   calendar days from the conference to file another motion for leave to file an amended

12   complaint consistent with the Court's June 8, 2012 order. *See General Elec. Capital*

13   *Business Asset Funding Corp. of Connecticut v. East Coast Foods I, LLC*, 2011 WL

14   4390008 (D.Ariz. September 21, 2011).

15   **II. State TROs and Removal**

16           In 1974, the Supreme Court held that "[a]n ex parte temporary restraining order

17   issued by a state court prior to removal remains in force after removal no longer than it

18   would have remained in effect under state law, but in no event does the order remain in

19   force longer than the time limitations imposed by Rule 65(b), measured from the date of

20   removal." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439-40 (1974). In

21   *Granny Goose Foods*, the Court explained that

22           [t]he temporary restraining order was issued by the Superior Court on May 18,
             1970, and would have remained in effect in the state court no longer than 15 days,
23           or until June 2. The case was removed to federal court on May 20, 1970. The
             temporary restraining order therefore expired on May 30, 1970, applying the
24           10-day limitation of Rule 65(b) *from the date of removal*. Accordingly, no order
             was in effect on November 30, 1970, and the [defendant] violated no order when it
25           resumed its strike at that time.

26
27   *Id.* at 440 (emphasis added). The Court made clear "[o]nce a case has been removed to

28   federal court, its course is to be governed by federal law, including the Federal Rules of

1    Civil Procedure[,]" citing Rule 65(b), Fed.R.Civ.P. *Id.* at 441.

2         Federal Rule of Civil Procedure 65(b)(2) provides that a TRO issued without

3    notice "[e]xpires at the time after entry-not to exceed 14 days-that the court sets, unless

4    *before that time* the court, for good cause, extends it for a like period or the adverse party

5    consents to a longer extension." Fed.R.Civ.P. 65(b)(2) (emphasis added). Apparently an

6    issue of first impression in the District of Arizona, the *Granny Goose Foods*' limitation

7    on state-issued TRO's for removed cases has been widely and consistently applied in the

8    Ninth Circuit. *See Benas v. Shea Mortg., Inc*., 2012 WL 528244, * 5 (S.D.Cal. February

9    16, 2012); *Abelyan v. OneWest Bank*, 2011 WL 2357654, * 2 (C.D.Cal. June 13, 2011);

10   *Logvinov v. Wells Fargo Bank*, 2011 WL 6141003 (N.D.Cal. December 9, 2011);

11   *Fernandez v. Nevada*, 2009 WL 700662, * 3 (D.Nev. March 13, 2009); *Pantoja v.*

12   *Countrywide Home Loans, Inc*., 640 F.Supp.2d 1177, 1183 n. 5 (N.D.Cal. 2009)

13   ("[U]nless a TRO is extended, it expires no later than 10 days after the date of removal.

14   (citation omitted). Here, the TRO expired on April 23, 2009 and Plaintiff never filed a

15   motion to extend the TRO or for a Preliminary Injunction. Accordingly, the TRO issued

16   on March 30, 2009 by the state court is dissolved.")

17        "Injunctive orders issued by a state court prior to removal 'remain in full force and

18   effect until dissolved or modified by the district court.'" *Benas*, 2012 WL 528244 at * 5

19   n. 2 (quoting 28 U.S.C. § 1450).  "However, once an action is removed, federal law,

20   specifically Federal Rule of Civil Procedure 65, governs the time limits for the TRO[,]"

21   citing *Granny Goose Foods*, 415 U.S. at 426 (Section 1450 does not "create a special

22   breed of temporary restraining orders that survive beyond the life span imposed by state

23   law . . . and beyond the life that the district court could have granted them . . . ."). "Under

24   Federal Rule of Civil Procedure 65(b)(2), an *ex parte* TRO expires no later than fourteen

25   days after the date of removal . . . unless extended by the court for good cause, or by

26   consent of the adverse party. Fed. R. Civ. P. 65(b)(2)." *Id.*

27   **III. Discussion**

28        Here, the TRO and Order to Show Cause Re: Preliminary Injunction were issued

1   without notice to Defendants on December 8, 2011, pursuant to Arizona Rule of Civil

2   Procedure 65(d), pending the return date of January 5, 2012 before a Superior Court judge

3   on Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction, a

4   period of 28 days after the TRO was entered. (Doc. 1 at 10-11, 13-14)  Defendants were

5   ordered to appear and "show cause why the immediate relief should not be given which is

6   requested" in Plaintiff's Application. (*Id.* at 10)  By its own terms, the TRO was set to

7   expire on January 5, 2012, at "the conclusion of the Order to Show Cause Hearing Re:

8   Preliminary Injunction scheduled contemporaneously with the issuance of this [TRO]."

9   (*Id.* at 14)  Before the return was held and a preliminary injunction issued, this action was

10  removed on January 3, 2012, three days before the OSC return hearing. (*Id.* at 1-5)

11  Applying *Granny Goose Foods* and its progeny to the facts of this case and assuming the

12  validity of a 28-day TRO under Arizona law absent the consent of Defendants,[4] Plaintiff's

13  TRO expired no later than January 5, 2012. *See Granny Goose Foods*, 415 U.S. at 440 n.

14  15 ("[W]here the state court issues a temporary restraining order of 15 days' duration on

15  Day 1 and the case is removed to federal court on Day 13, the order will expire on Day 15

16  in federal court just as it would have expired on Day 15 in state court. . . ."). Plaintiff's

17  TRO and application for preliminary injunction dissolved or expired by operation of law

18  without the necessity of a court order.

19        Based on the foregoing,

20        **IT IS ORDERED** that Defendants HSBC and Ocwen's Objection to Plaintiff's

21  Notice of Pending Motion Pursuant to Local Rule of Civil Procedure, Rule 3.7(c), doc.

---

23        [4] Arizona Rule of Civil Procedure 65(d)(1) provides, in relevant part, that "[e]very
24  restraining order shall expire by its terms within such time after entry, *not to exceed 10 days*,
    as the court fixes, unless within the time so fixed the order, for good cause shown, is
25  extended for a like period or unless the party against whom the order is directed consents that
    it may be extended for a longer period. . . ." Rule 65(d)(1), Ariz.R.Civ.P. "A temporary
26  restraining order must expire within ten days and may be extended only for good cause."
27  *DePasquale v. Superior Court In and For County of Maricopa*, 181 Ariz. 333, 336, 890 P.2d
    628, 631 (Az.Ct.App. 1995).

1  37, is **SUSTAINED**.

2      DATED this 18th day of June, 2012.

3

4

5                                 Lawrence O. Anderson
                              United States Magistrate Judge