**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan M. Snyder, a married woman, as her sole and separate property,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC Bank, USA, N.A., a foreign corporation and Ocwen Loan Servicing, LLC, a foreign limited liability company, et al.,<br><br>Defendants. | No. CV-12-16-PHX-LOA<br><br>**ORDER** |

This action comes before the Court on former Defendant Les Zieve's ("Zieve") "Motoin [sic] For Reasonable Attorney's Fees and Cost [sic]." (Doc. 47) Plaintiff Susan M. Snyder has not filed a response in opposition to the amount of fees and costs requested.

**I. Background**

This diversity action arose over a dispute whether the parties agreed to a residential loan modification in September 2010 and, if so, whether Plaintiff subsequently defaulted on that agreement by failing to pay the monthly impounded escrow fees for the property taxes and insurance on her residence collected by Defendants HSBC Bank and Ocwen Loan Servicing. (Docs. 1, ¶ 8 at 17; 61 at 2-4) On June 8, 2012, the Court granted these Defendants' Rule 12(b)(6) Motion to Dismiss and dismissed the Complaint for failure to state claims upon which relief may be granted with leave to file an amended complaint. (Doc.

1  35) At the same time, the Court dismissed with prejudice Plaintiff's claims against Zieve,
2  Defendants' designated trustee on a prior notice of trustee's sale on Plaintiff's residence, on
3  the basis that Arizona Revised Statute ("A.R.S.") § 33-807(E) limits a foreclosure trustee's
4  liability. *See Puzz v. Chase Home Fin.,LLC*, 763 F.Supp.2d 1116, 1125 (D. Ariz. 2011)
5  (Section 33-807(E)'s "third sentence means that if the trustee is joined as a party in any
6  claim pertaining to the trustee's authority to act, that does not allege that the trustee breached
7  an obligation arising from statute or the deed of trust, 'the trustee is entitled to be
8  immediately dismissed and to recover costs and reasonable attorney fees from the person
9  joining the trustee.'" ). Section 33-807(E) "limits the joinder of trustees in litigation not
10 premised on an alleged breach of their duties as trustees." *Eason v. IndyMac Bank FSB*, 2010
11 WL 1381889, at *3 (D. Ariz. April 6, 2010). As directed by Arizona law, the Court awarded
12 Zieve his reasonable attorney's fees and costs from Plaintiff as a result of Plaintiff's
13 wrongfully filing this action against Zieve upon his timely application to determine the
14 amount of his attorney's fees and costs authorized by law. (Doc. 35 at 21)

15  On June 25, 2012, Zieve filed a document entitled "Declaration Re Defendant's
16 Request for Reasonable Attorney's Fees and Cost" accompanied with a supporting Bill of
17 Costs. (Docs. 42-43) On its own motion, the Court ordered the Declaration stricken without
18 prejudice for failure to comply with LRCiv 7.1(c), 5.5(b) and 7.1(a)(1). The Court provided
19 Zieve until Monday, July 23, 2012 to file his amended declaration for fees and costs in
20 compliance with the Local Rules. On July 19, 2012, Zieve timely re-filed his motion for fees,
21 costs and declaration for attorney's fees and costs in compliance with the Local Rules and
22 the prior order. (Docs. 47-48) Plaintiff was given thirty (30) days to file a response, but she
23 has failed to file an response.

24  Defendant Zieve requests an award of attorney's fees for "six (6) hours to prepare and
25 file the motion to dismiss at an hourly rate of $325.00/hr, equaling $1,950.00 total. Plus
26 $22.98 in ECF (PACER) fees and $11.50 in [certified] mailing costs." (Doc. 47 at 2)
27 / / /
28 / / /

## II. Fees and Costs

### A. Attorney's Fees

In a diversity case, such as this one, the law of the state in which the district court sits determines whether a party is entitled to attorney's fees, and the procedure for requesting an award of attorney's fees is governed by federal law.[1] *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Federal Rule of Civil Procedure 54(d)(2)(A) provides, in pertinent part, that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

It is unclear if the methodology to determine the reasonableness of attorney's fees is determined by state or federal law in a diversity action. To calculate an award of reasonable attorney's fees under federal law, a district court usually follows a two-step process:

> First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors that are not already subsumed in the initial lodestar calculation.

*Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citations and footnote omitted); *Jadwin v. County of Kern*, 767 F.Supp.2d 1069 (E.D.Cal. 2011). The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the

---

[1] At least one District of Arizona case, *Cervantes v. Countrywide Home Loans, Inc.*, 2010 WL 1038658 (D. Ariz. March 19, 2010), followed Arizona's landmark decision in *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983) to determine the reasonableness of a trustee's attorney's fees for a wrongful suit against a trustee under A.R.S. § 33-807(E). Regardless whether Arizona or federal law is followed, the trustee's attorney's fees awarded herein are reasonable.

- 3 -

1      case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

2

3  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n. 8 (9th Cir. 1996); *see also* LRCiv 54.2(c)(3). Factors (1) through (4) and (6) are taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation. *Morales*, 96 F.3d at 364 n. 9. Factors (5) and (7) through (12) are considered in determining whether to adjust the presumably reasonable lodestar figure. *Id*.

In determining whether an hourly rate is reasonable, the court considers the experience, skill, and reputation of the attorney requesting fees. *Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n. 6 (9th Cir. 2002) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The reasonable hourly rate should reflect the prevailing market rates in the community. *Id*.

Trustee Zieve's fee's affidavit is skimpy at best. (Doc. 48 at 1-3) Like the attorney's fee application in *Fischer*, 214 F.3d at 1121, however, Zieve's fee application meets the "basic requirements," which includes a summary of the time spent to prepare and file Zieve's Motion to Dismiss (6 hours), his years of experience as an attorney (approximately 5), his "practice focuses on the field of real estate finance litigation and foreclosure law, a very specialized field of practice," and his hourly billing rate ($325.00 per hour). (Doc. 48 at 1-3) The Court finds that the legal work done in preparing Zieve's Motion to Dismiss was necessary, that it was performed by an attorney specializing in a particular area of law, and that Zieve's counsel's hourly rate and the time spent on the Motion were reasonable. Zieve's counsel's hourly rate is within the prevailing market rates in the Phoenix legal community. The Court declines to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors not already subsumed in the initial lodestar calculation. The Court finds Zieve's requested fees in the amount of $1,950.00 ($325.00 per hour x 6 hours =  $1,950.00) are reasonable.

///

- 4 -

**B. Costs**

Section 33-807(E) does not include a definition of "costs" and Zieve has not provided, nor has the Court's independent research discovered, any case law defining "costs" in the context of awarding costs to a trustee pursuant to under A.R.S. § 33-807(E).

Generally, the costs or expenses of litigation other than attorney's fees are grouped as taxable and non-taxable costs. *Regional Care Servs. Corp. v. Companion Life Ins. Co.*, 2012 WL 2260984, at *5 (D. Ariz. June 15, 2012). In a federal diversity action, federal law governs a successful party's request for an award of taxable costs.[2] *Felix v. Pic–N–Run, Inc.*, 2012 WL 551645, *4 (D. Ariz. Feb. 21, 2012) (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (applying federal procedure instead of state procedure to determine the amount of costs where a federal statute for costs conflicted with a state statute for costs); Fed.R.Civ.P. 54(d)(1); LR Civ. 54.1(a).

Under Arizona law, a successful party to a civil action cannot recover his litigation expenses as taxable costs without statutory authorization. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 402, 973 P.2d 106 (Ariz. 1999). "Generally, the term 'costs' refers to expense items incurred in litigation that a prevailing party is allowed to tax against the losing party." *Heatec, Inc. v. R.W. Beckett Corp.*, 219 Ariz. 293, 296, 197 P.3d 754, 757 (Ariz. Ct. App. 2008) (citing *In re Nelson*, 207 Ariz. 318, 322, 86 P.3d 374, 378 (Ariz. 2004) (citation omitted)). "Because costs are 'limited to necessary expenses, they may not include everything that a party spends to achieve victory.'" *Id.*; *see also Schritter v. State Farm Mut. Auto. Ins. Co.*, 197 Ariz. 411, 413 n. 3, 4 P.3d 466, 468 n. 3 (Ariz. Ct. App. 2000) ("It is well recognized that 'costs' and 'expenses' are not the same, and that 'costs' is a term of art referring only to recoverable expenses."), *vacated on other grounds*, 201 Ariz. 391, 36

---

[2] Under Arizona law, A.R.S. § 12–341 provides that "[t]he successful party to a civil action *shall* recover from his adversary all costs expended or incurred therein unless otherwise provided by law." (emphasis added). Thus, under Arizona law, "awarding of costs to the successful party is mandatory." *Multari v. Gress*, 214 Ariz. 557, 560, 155 P.3d 1081, 1084 (Ariz. Ct. App. 2007).

- 5 -

1 P.3d 739 (Ariz. 2001)).

2     The costs that may be properly awarded in Arizona civil actions are limited to taxable
3 costs and jury fees. *Nelson*, 207 Ariz. at 323, ¶ 20, 86 P.3d at 379 (citing A.R.S. § 12-332).
4 Taxable costs in the superior court are defined as:

> 1. Fees of officers and witnesses. 2. Cost of taking depositions. 3. Compensation of referees. 4. Cost of certified copies of papers or records. 5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability on the bond or other obligation during each year it was in force. 6. Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

9 A.R.S. § 12-332(A)(1)-(6). Other expenses not enumerated in § 12-332(A) as costs, which
10 are incidental to the taking of depositions, are taxable under § 12-332(A)(2). *Navarro v.*
11 *Boone*, 2010 WL 2211090, at *5 (Ariz. Ct. App. June 3, 2010) (citing *Fowler v. Great Am.*
12 *Ins. Co.*, 124 Ariz. 111, 114, 602 P.2d 492, 495 (Ariz. Ct. App. 1979)).

13     "In diversity cases, district courts award taxable costs in accordance with federal, not
14 state, law." *Regional Care Servs*, 2012 WL 2260984, at *5 (citing *Felix*, 2012 WL 551645,
15 at *4) (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (applying federal
16 procedure instead of state procedure to determine the amount of costs where a federal statute
17 for costs conflicted with a state statute for costs); *Thompson v. StreetSmarts, Inc.*, 2011 WL
18 2600744, at *14 (D. Ariz. June 30, 2011) (holding that federal law should be applied when
19 determining taxable costs).

20     In federal courts, taxable costs are usually taxed by the clerk rather than the court,
21 *Zopatti v. Rancho Dorado Homeowners Ass'n*, 2012 WL 92338, at *1 (S.D. Cal. January 10,
22 2012) (citing Fed.R.Civ.P. 54(d)(1)), but they also may be awarded by the trial judge. *In re*
23 *Apollo Group, Inc. Sec. Litig.*, 2009 WL 2169178, at *1 (D. Ariz. July 17, 2009) ("A judge
24 or clerk of the district court is authorized to tax costs[.]"). "The categories of taxable costs
25 are circumscribed by 28 U.S.C. Section 1920," which "enumerates expenses that a federal
26 court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford*
27 *Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *see also* LRCiv 54.1. Under
28 Rule 54(d)(1), Fed.R.Civ.P., "[u]nless a federal statute, these rules, or a court order provides

- 6 -

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule creates a presumption in favor of awarding taxable costs to a prevailing party, but vests in the district court the discretion to refuse to award them. *See The Ass'n of Mexican–American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*). That discretion is not unlimited, however, as a district court must specify the reasons for its refusal to award costs. *Id.*; *see also Hunt v. City of Portland*, 2011 WL 3555772, at *2 (D. Or. August 11, 2011).

The taxation of costs lies within the trial court's sound discretion. *In re Apollo Group*, 2009 WL 2169178, at *2. "Taxable costs can be recovered 'with strict compliance' to the Federal Rules of Civil Procedure Rule 54(d)(1), LRCiv 54.1(a), and 28 U.S.C. § 1920." *Felix*, 2012 WL 551645, at *5 (citation omitted). Under 28 U.S.C. § 1920, recoverable costs include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. section 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. section 1828].

28 U.S.C. § 1920. "Ordinarily, section 1920 'defines the full extent of a federal court's power to shift litigation costs absent express statutory authority.'" *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010). Local Rule 54.1(a) specifies that "[a] party entitled to costs shall, within fourteen (14) days after the entry of judgment" file with the Clerk a bill of costs on a form provided by the Clerk. Zieve timely filed his Bill of Costs on June 15, 2012. (Doc. 42)

Zieve seeks reimbursement of his PACER ("Public Access to Court Electronic Records") fees in the amount of $22.98, doc. 43-1 at 1-3, and the cost for registered mailings to counsel for Plaintiff and the other Defendants in the amount of $11.50, doc. 43-2 at 1. Because Zieve's Bill of Costs requested reimbursement of "attorney fees, PACER fees, and mailing fees . . . [which] are not taxable under LRCiv.54.1[,]" the Chief Deputy Clerk

1  properly denied Zieve's cost bill and directed that they "should be considered as a motion
2  [for non-taxable costs] under LRCiv.54.2 for review by the assigned judge." (Doc. 44)
3    Clearly, "[P]ACER expenses are not taxable costs." *American Traffic Solutions, Inc.*
4  *v. Redflex Traffic Sys., Inc.*, 2011 WL 772310, at *4 (D. Ariz. Feb. 28, 2011) (citing *RD*
5  *Legal Funding, LLC v. Erwin & Balingit, LLP*, 2011 WL 90222, at *5 (S.D. Cal. Jan.10,
6  2011). Additionally, postage costs are not expressly provided for in section 1920. *World*
7  *Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270, (D. Haw. 2008).
8    Notwithstanding the limitations of section 1920, the Ninth Circuit allows prevailing
9  parties to recover non-taxable costs where statutes authorize attorney's fees to prevailing
10 parties. *Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co.*, 668 F.3d 677, 690 (9th Cir.
11 2012). "Even though not normally taxable as costs, out-of-pocket expenses incurred by an
12 attorney which would normally be charged to a fee paying client are recoverable as
13 attorney's fees . . . ." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir.
14 1986). This is allowed because the phrase "reasonable attorney's fees" is interpreted to
15 include certain non-taxable litigation expenses. *Grove v. Wells Fargo Fin. California, Inc.*,
16 606 F.3d 577, 580 (9th Cir. 2010). Such an award of expenses should be limited to typical
17 out-of-pocket expenses that are charged to a fee paying client and should be reasonable and
18 necessary. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).
19   The Court finds that Zieve's requested PACER fees and postage costs are reasonable
20 and were necessarily incurred in connection with this case. Further, this type of expense is
21 normally charged to a fee-paying client. *Goray v. Unifund CCR Partners*, 2008 WL
22 2404551, at *9 (D. Haw. June 13, 2008) (awarding $55.54 for postage charges "were
23 reasonable and necessarily incurred in this case to: send Plaintiff copies of pleadings in this
24 case correspond with Plaintiff and opposing counsel; and to mail Defendants waivers of
25 service of process."); *Byrd v. Astrue*, 2010 WL 500437, at *4 (S.D. Ala. Feb. 5, 2010)
26 (finding PACER charges of $9.60 should be reimbursed to plaintiff as litigation expenses);
27 *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).
28   Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Reasonable Attorney's Fees and Costs, doc. 47, is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Les Zieve is awarded attorney's fees and non-taxable costs in the amount of $1,984.48 (fees of $1,950.00 plus $34.48 in costs normally charged to a fee-paying client). The Clerk is kindly directed to enter Judgment on Attorney's Fees and Costs in the amount of $1,984.48 in favor of Les Zieve and against Plaintiff Susan M. Snyder, *nunc pro tunc* to June 8, 2012, which shall earn interest at the annual federal rate from the date of entry of the June 8, 2012 Judgment until paid in full.

Dated this 28th day of August, 2012.

Lawrence O. Anderson
United States Magistrate Judge